IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARCADIA MOON,

    Plaintiff,

v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Civ. No. 3:14-cv-00855-PA

OPINION & ORDER

PANNER, Senior District Judge.

Plaintiff seeks authorization of attorney's fees pursuant to 42 U.S.C. § 406(b) in this social security case. ECF Dkt. # 37. The motion for attorney's fees is unopposed. For the reason set forth below, the motion is GRANTED.

## Background

On May 27, 2014, Plaintiff filed her initial Complaint for review of the decision of the Commissioner of Social Security denying benefits. ECF Dkt. # 1. On September 30, 2015, this Court reversed the decision of the Commissioner and remanded for award of benefits. ECF Dkt. ## 31, 32. The Commissioner filed a motion to amend or alter the judgment pursuant to Rule

Page 1 – ORDER

59(e), which Plaintiff opposed. ECF Dkt. ## 33, 34. This Court denied the motion. ECF Dkt. # 35. Plaintiff was subsequently awarded benefits, including past due benefits. Plaintiff's counsel then filed an application for fees pursuant to the Equal Access to Justice Act ("EAJA"), which this Court granted in the amount of $8,448.04. ECF Dkt. ## 36, 38.

Plaintiff's counsel now seeks attorney fees under § 406(b) totaling $20,279.00, which equals twenty-five percent of Plaintiff's retroactive social security benefits.[1] Because counsel has already received EAJA fees and may not retain both, counsel asks that the Court grant $11,830.96 in § 406(b) fees.[2]

## Legal Standard

Under 42 U.S.C. § 406(b), when a court has entered a judgment in favor of a social security claimant with legal representation, the court "may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). However, the fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such a judgment." *Id.* The § 406(b) award is paid from the claimant's past due benefits and the attorney may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96, 806-07 (2002); *Franz v. Comm'r*, No. 3:14-cv-00065-MA, 2015 WL 4920793, at *1 (D. Or. Aug. 17, 2015); *Theabolt v. Comm'r*, Case No. 3:12-cv-01627-SU, 2015 WL 5737590, at *2 (D. Or. Sept. 29, 2015). Thus, the claimant's attorney may not keep both EAJA fees and § 406(b) fees. *Grisbrecht*, 535 U.S. at 796. Where a court first approves EAJA fees and then a larger § 406(b) fee award, the court will generally subtract the

---

[1] The SSA Award Letter indicates that 25% of the award is $20,297.25. Pl.'s Pet. for Fees, Attach. A, at 3.
[2] In the introduction and conclusion of Plaintiff's motion, Plaintiff asks for attorney fees of $10,308.72. It is not clear how Plaintiff reached this figure. In the body of the motion, Plaintiff correctly identifies $11,830.96 as the result of offsetting the requested 25% of Plaintiff's retroactive benefits ($20,279.00) by the amount already awarded in EAJA fees ($8,448.04).

amount of the EAJA fees from the total § 406(b) fee award. *Id.*; *Franz*, 2015 WL 4920793, at *3; *Theabolt*, 2015 WL 5737590, at *2.

Even when the Commissioner does not challenge the fee amount sought by an attorney, the court has an affirmative duty to assess the reasonableness of the requested fees.[3] *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). In making that assessment, courts should respect "the primacy of lawful attorney-client fee arrangements," but may reduce those agreed-upon fees based on the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 793, 808. Courts should first examine the fee agreement to ensure it does not provide for fees in excess of 25 percent of past-due benefits. *Id.* at 807-08 ("[A]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits,"); *Blaine-Thede v. Colvin*, No. 12-cv-00281-BR, 2014 WL 4627217, at *1 (D. Or. Sept. 16, 2014). Even if the fee agreement does not exceed the § 406(b) cap of 25 percent, the attorney still bears the burden of showing that the fees yielded under the agreement are themselves reasonable. *Gisbrecht*, 535 U.S. at 807; *Crawford*, 586 F.3d at 1148.

A court may properly reduce the amount of attorney fees based on factors which include (1) substandard performance; (2) delay; (3) "benefits that are not in proportion to the time spent on the case" by the attorney seeking the fees. *Crawford*, 586 F.3d at 1151. The Ninth Circuit also noted the risk involved in contingency representation may be an appropriate factor to consider in determining a § 406(b) award—in particular, "the complexity and risk involved in the specific case[.]" *Id.* at 1152-53; *Abbas v. Colvin*, No. 6:11-cv-06200-SU, 2014 WL 3850027, at *3 (D. Or. Aug. 5, 2014).

---

[3] "Because the [Commissioner] has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009).

Page 3 – ORDER

Although the Supreme Court has instructed against using the lodestar method[4] to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1150 (emphasis in original); *see Gisbrecht*, 535 U.S. at 808 (courts may consider counsel's record of hours spent representing claimant and the typical hourly rate in evaluating the reasonableness of fees sought); *Quinnin v. Colvin*, 1:12-cv-01133-SI, 2013 WL 5786988, at *1 (D. Or. Oct. 28, 2013).

## Discussion

The Court looks first to the attorney-client fee agreement and assesses it for reasonableness. *Gisbrecht*, 535 U.S. at 808. In this case, the agreement between Plaintiff and counsel provided for a fee of 25 percent of past due benefits. Pl.'s Pet for Fees Attach. B, at 1. Courts have found such terms to be commonplace and reasonable. *Gisbrecht*, 535 U.S. at 800; *Crawford*, 586 F.3d at 1147; *Theabolt*, 2015 WL 5737590, at *3. The Court finds this agreement reasonable.

The Court finds no evidence of substandard performance or delay. Counsel fully litigated this case and secured a substantial award of benefits for Plaintiff. The documentation provided indicates that Plaintiff's counsel has 65.05 hours in this case. Pl.'s Pet for Fees, Attach. C. Counsel's fee request, if granted, would result in an effective hourly rate of approximately $311.75. This rate is not unreasonable or out of line with fees awarded in other cases in this District. *See Theabolt*, 2015 WL 5737590, at *3 (collecting cases and finding an hourly rate of $351.02 reasonable).

The $20,279.00 fee sought in this case is reasonable and proportional for the work performed and the benefits ultimately awarded. However, the award is offset by the $8,448.04

---

[4] The lodestar method of calculating reasonable legal fees involves determining the number of hours reasonably spent on the given case and multiplying the hours by a reasonable hourly rate. *See Gisbrecht*, 535 U.S. at 792, 798-802 (providing a history of the lodestar method).

Page 4 – ORDER

EAJA fee already awarded. Plaintiff's counsel shall therefore be granted $11,830.96. This amount, when combined with the EAJA fees, totals the full amount that counsel seeks.

## Conclusion

Plaintiff's Petition for Fees Per 42 U.S.C. § 406(b), ECF Dkt. # 37, is GRANTED. Because counsel has already been granted EAJA fees, counsel shall be awarded $11,830.96, less any applicable processing fees.

IT IS SO ORDERED.

DATED this **5** day of May, 2016.

*Owen M. Panner*
OWEN M. PANNER
Senior United States District Judge